CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

APR 25 2013

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL ANTHONY ADKINS, | ) | CASE NO. 7:13CV00132 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| NURSE TRACY ROBERTSON, | ) | By: James C. Turk |
| | ) | Senior United States District Judge |
| Defendant. | ) | |

Michael Anthony Adkins, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging that a jail nurse denied him mental health medication on one occasion. Upon review of the record, the court finds that the action must be summarily dismissed under 28 U.S.C. § 1997e(a) as frivolous.[1]

I

Adkins, an inmate at the Danville City Jail, alleges that on Wednesday, March 20, 2013, about 9:30 p.m., the defendant nurse did not have his medication for bipolar disorder, anxiety, and depression.[2] The nurse said that she would bring back his night medication, but "she li[ed]." (Compl. 2.) As relief in this action, Adkins seeks 3.5 million dollars, his medication, and a transfer to another jail facility, because he fears that his life may be in danger.

Adkins has also filed a motion to amend his complaint, seeking to add a demand for a temporary restraining order directing officials to transfer him immediately to another jail facility.

---

[1] The court is required to dismiss any action or claim filed by a prisoner against a governmental entity or officer if the court determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1).

[2] Adkins spells the defendant's name two different ways in his submissions: Robertson and Robinson. Accordingly, the court will refer to the defendant as "the nurse."

Adkins asserts that it is a "conflict of interest" for him to be detained at the jail where the defendant nurse works.

## II

A § 1983 plaintiff must establish that she has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). A prison official's deliberate indifference to an inmate's serious medical needs violates the Eighth Amendment. See Estelle v. Gamble, 429 U.S. 97, 102 (1976). A prison official is "deliberately indifferent" if she "knows of and disregards an excessive risk to inmate health or safety" related to his serious medical needs and responds unreasonably to the risk. Farmer v. Brennan, 511 U.S. 825, 837 (1994). On the other hand, a claim alleging negligent actions by medical personnel regarding diagnosis and course of treatment does not implicate the Eighth Amendment. Estelle, 429 U.S. at 105-106; Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985).

Adkins' allegations fail to satisfy either facet of the deliberate indifference standard. First, he does not allege that missing one dose of his mental health medication on one occasion placed him at any significant risk of harm or that he suffered any harm or aggravation of his condition as a result of missing one dose. Thus, he has not shown that the nurse's actions affected his serious medical needs, as required to state an Eighth Amendment claim. In addition, Adkins' allegations offer no indication that the nurse knowingly failed to bring his medication to him on March 20, 2013. His submissions support, at most, a claim that the nurse acted negligently on that one occasion. Mere negligence is not actionable under § 1983. Estelle, 429 U.S. at 105-06. Because Adkins' allegations do not provide a factual basis for any actionable

2

claim against the defendant, the court will summarily dismiss the action without prejudice under § 1915A(b)(1) as legally frivolous.[3]

The court also finds no ground on which Adkins is entitled to a temporary restraining order. Temporary restraining orders are issued only rarely, when the movant provides an affidavit clearly showing that he will suffer injury if relief is not granted before the adverse party could be notified and have an opportunity to respond. See Federal Rule of Civil Procedure 65(b). Adkins fails to allege any specific facts concerning the manner in which he will suffer "immediate and irreparable injury" in the absence of the requested relief. Accordingly, his motion to amend to add a demand for a temporary restraining order will be denied.

An appropriate order will issue this day. The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 25th day of April, 2013.

Senior United States District Judge

---

[3] Adkins also admits on the face of his complaint that he did not file any administrative remedies at the jail before filing this action, as required under 42 U.S.C. § 1997e(a). Adkins complains that the jail's grievance procedures are not "available" to him, because jail officials do not return or answer grievances and sometimes throw them away. Adkins' admission that he did not *attempt* to file any grievances concerning the incident at issue in this case, however, is an alternative ground for dismissal of his lawsuit.

3